UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT EARL HUBBARD,

    Petitioner,

    v.                                  CAUSE NO.: 3:18-CV-324-RL-JEM

WARDEN,

    Respondent.

OPINION AND ORDER

Robert Earl Hubbard, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge his guilty plea and 6 year sentence for residential entry and invasion of privacy as an habitual offender by the Allen Superior Court on December 2, 2013, under cause number 02D04-1308-FD-911. ECF 1 at 1 and ECF 1-1 at 5.[1] Habeas corpus petitions are subject to a strict one-year statute of limitations.[2]

---

[1] On page 1 of his petition (ECF 1 at 1), Hubbard says he is challenging 02D02-1305-PO-001085. However that is an "Order for Protection" case. *See* ECF 1-1 at 1 (docket sheet for the Protective Order case). That is not is not a criminal case. His criminal case is 02D04-1308-FD-911. *See* ECF 1-1 at 5 (Judgment of Conviction for the criminal case.).

[2] 28 U.S.C. § 2244(d) provides:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Hubbard wrote:

> I have tried everything I know to do, plus after talking with the victim and researching protective orders and looking over my paperwork, I seen that this conviction on Count II should be take off because it violate my constitutional rights plus there [no] such law a permanent order of protection, after the victim has ask the court an oral request to please dismiss this without prejudice or condition, and the court sent it threw any way violated my due process right and the United States District Court should have a look at this because I'm a United State Citizen who have rights.

ECF 1 at 5. 28 U.S.C. § 2244(d) provides four possible dates from which the limitation period can begin to run. Nothing in the answer to question 9 or any other part of the petition indicates State action impeded Hubbard from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right. Therefore 28 U.S.C. § 2244(d)(1)(B) and (C) are not applicable here.

However, Hubbard does say in his petition that, "on June 6, 2013, [the victim] ma[de] a oral request on the record to dismiss the protection order without prejudice [and he] just found out [though] the victim that this was all wrong and that I need to look at it." ECF 1 at 3. To qualify as a claim based on newly discovered evidence, the claim must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). Through diligent inquiry, Hubbard could have learned what happened during the June 6, 2013, hearing before he pleaded guilty and was sentenced on December 2, 2013. The importance of the protection order was known to him at that time and details about how it was issued could have been discovered. Thus, 28 U.S.C. § 2244(d)(1)(D) is not applicable to this case. Rather, the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time to pursue direct review.

Hubbard filed a direct appeal and the Court of Appeals of Indiana affirmed his conviction on July 31, 2014.[3] *Hubbard v. State*, 2014 WL 3765758, 16 N.E.3d 1042 (Ind. Ct. App. 2016) (table). He did not petition for transfer to the Indiana Supreme Court and his time to do so expired September 2, 2014. *See* Ind. R. App. P. 57(C) (thirty days to petition for transfer); Ind. R. Trial P. 6(A) ("[t]he period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed."); and *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Thus his

---

[3] On page 1 of his petition, Hubbard states his conviction was affirmed September 23, 2013, but that it is impossible because he was not sentenced until nearly three months later. *See* ECF 1 at 1.

3

limitation period began to run on September 3, 2014, but was tolled 7 days later[4] when he filed a Motion to Correct Error in State court on September 10, 2014. ECF 1 at 2. It began again on January 24, 2015, after the motion was denied on January 23, 2015. *Id*. It was tolled 47 days later when he filed a post-conviction relief petition on March 12, 2015. Then it restarted for the last time when his post-conviction relief petition was denied on September 2, 2015. By then, 54 days of his 365 day (1-year) period of limitation had expired and only 311 days remained. On July 11, 2016, the deadline for filing a habeas corpus petition expired. *See* Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Hubbard's first filing in this habeas corpus case is dated May 3, 2018. ECF 1 at 5. Therefore this habeas corpus case was filed nearly three years late and must be denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling.

---

[4] When necessary, the 1-year period of limitation is counted as (and divided into) days. *See Holland v. Florida*, 560 U.S. 631, 638 (2010) ("At that point, the AEDPA federal habeas clock again began to tick - with 12 days left on the 1-year meter.")

4

Therefore, there is no basis for encouraging petitioner to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(2) DENIES Robert Earl Hubbard a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Robert Earl Hubbard leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the Clerk is to close this case.

SO ORDERED on June 15, 2018

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT